JjDENNIS R. BAGNERIS, SR, Judge.
In this workers’ compensation case, James Hollins, appeals the decision of the workers’ compensation judge, which denied his claim for workers’ compensation benefits. For the following reasons, we affirm.
FACTS
Mr. Hollins worked for City Wholesale Liquor Company (“City Wholesale Liquor”) as a customer service representative at the time of the alleged incident.[1] His average weekly wage was $675.00. *260 Mr. Hollins testified at trial that he had an accident on October 13, 1999, when he was on a delivery route with a co-employee by the name of Robert Wright. Specifically, Mr. Hollins testified that a 30 to 45 pound box of vodka fell on his left foot while he was making a delivery at a bar in the Houma area and that this work-related accident led to an amputation from below his left knee down. Mr. Hollins admitted at trial that his co-employee, Robert Wright, was inside the bar at the time of the incident and that the alleged accident was not witnessed. Mr. Hollins testified that when Robert Wright returned to the truck, he told him about the box falling on his foot. Further, Mr. |2Hollins testified at trial that when he returned to the store that evening, he told Dan Dembinski, President of City Wholesale Liquor, about the accident on the truck. Mr. Hollins also testified at trial that he reported the alleged work accident to Dr. Ira Markow-itz on October 20, 1999, during his first visit following the alleged incident.
Dan Dembinski, President of City Wholesale Liquor, testified at trial that he prepared the Employer’s First Report of Injury on December 28, 1999. On cross-examination, Mr. Dembinski testified that the Employer’s First Report of Injury does in fact indicate that Mr. Hollins was injured on November 11, 1999. At trial, Mr. Dembinski testified that Mr. Hollins’s injury occurred in either the first or second week of November 1999. Mr. Dem-binski testified that when asked on the report “what work activity was the employee doing when the incident occurred?” he responded with “[ajlleges pain in toe.” Mr. Dembinski testified that the report fails to mention a box falling on Mr. Hol-lins, and that had he been aware of the fact that a box fell on Mr. Hollins at the time he was filling out the report in December 1999, he would have noted it on that form. Further, Mr. Dembinski testified that he is unsure of whether or not Mr. Hollins told him, on the day of the alleged accident, that he injured his foot while on the truck.
Dr. Ira Markowitz, a vascular surgeon specialist, testified by deposition. Dr. Markowitz testified that he had treated Mr. Hollins in May 1999 for right and left leg discomfort. Dr. Markowitz testified that Mr. Hollins’s past medical history included him being diabetic and having multiple bypasses. Dr. Markowitz testified |3that on October 20,1999, he again treated Mr. Hollins for pain in his left foot. Dr. Markowitz testified that during this October 1999 office visit, Mr. Hollins specifically denied having sustained any trauma to his foot other than having changed some shoes. Specifically, Dr. Markowitz’s progress notes of October 20, 1999, state that “Mr. James Hollins was seen in the office, complaining of left foot pain. The patient denies any trauma, says he did change some shoes, but he noted some drainage coming out of the area.”
DISCUSSION
The issue before this court is whether Mr. Hollins carried his burden of proving by a preponderance of the evidence that he sustained an accident while in the course and scope of his employment with People Works.
A threshold requirement in a workers’ compensation case is that a plaintiff establish “ ‘personal injury by accident arising out of and in the course of his employment.’ ” Bruno v. Harbert Intern. Inc., 593 So.2d 357, 360 (La.1992) (quoting La. R.S. 23:1031). Although the workers’ compensation laws are liberally construed in favor of coverage, the plaintiffs burden of proving personal injury by an accident is not relaxed and must be proven by a preponderance of the evidence. Coats v. *261 American Tel. & Tel. Co., 95-2670, p. 4 (La.10/25/96), 681 So.2d 1243, 1245.
A plaintiffs testimony alone may be sufficient to establish an accident provided that: “(1) no other evidence discredits or casts serious doubt upon the |4worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident.” Bruno, 593 So.2d at 361.
In a workers’ compensation case, as in other cases, the appellate court’s review of factual findings is governed by the manifest error — clearly wrong standard. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the trial court’s finding, no additional inquiry is necessary for a finding of manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court’s factual finding only if, after reviewing the record in its entirety, it determines the trial court’s finding was clearly wrong. Stobari v. State, through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Id. A workers’ compensation judge’s determinations as to whether the claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations which will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Bruno, 593 So.2d at 361.
| sIn this case, Mr. Hollins’s January 25, 2000 deposition testimony was used to impeach his trial testimony on several points. On direct examination, Mr. Hollins testified that the accident occurred on October 13, 1999; however, Mr. Hollins testified in his deposition that the alleged accident occurred around the beginning of November 1999. Further, Mr. Hollins testified at trial that he told his co-worker, Robert Wright, about the accident minutes after it occurred; however, Mr. Hollins testified in his deposition that he never told Mr. Wright about the accident.
Mr. Hollins’s testimony on direct was also impeached by the trial testimony of Dan Dembinski. As stated above, Mr. Hollins’s trial testimony was that the alleged accident occurred on October 13, 1999; however, Mr. Dembinski testified that to the best of his judgment, the accident occurred in either the first or second week of November 1999. Mr. Hollins also testified that he reported the accident on the truck to Mr. Dembinski; however, Mr. Dembinski testified at trial that he was unaware of the fact that a box of vodka fell on Mr. Hollins’s left foot until sometime after he had filled out the December 22, 1999 accident report. .
Mr. Hollins’s trial testimony was also impeached with the medical records and testimony of Dr. Markowitz. At trial, Mr. Hollins testified that he reported the alleged accident to Dr. Markowitz on October 20, 1999, during the first visit following the alleged incident. However, the medical records and testimony of Dr. Markow-itz indicate that Mr. Hollins failed to report any trauma or job related accident during his first visit following the alleged accident.
*262 | fiBased on these inconsistencies in Mr. Hollins’s case, as well as our review of the record, we cannot say that the trial court’s finding that Mr. Hollins failed to carry his burden of proof that he suffered a work-related accident and injury in October of 1999 while employed by People Works was manifestly erroneous. For the reasons assigned, the judgment of the trial court dismissing Mr. Hollins’s action is affirmed.
AFFIRMED.

. City Wholesale Liquor employed Mr. Hol-lins through a leasing arrangement with defendant, People Works.